# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES E. JUSTISE, SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:15-cv-1776-TWP-TAB ) |
| DAVID LIEBEL, JERRY HUSTON, KAREN RICHARDS, RON NEAL, MARION COUNTY JAIL, JOHN DOE, JAIL COMMANDER, WILLIAM WILSON, MICHELLE METCALF, | ) ) ) ) ) ) |
| Defendants. | ) |

## Entry Discussing Amended Complaint and Directing Further Proceedings

### I. Screening

Plaintiff Charles Justise, Sr., ("Justise") filed a civil rights complaint on October 28, 2015, in the Marion County Circuit Court alleging that his constitutional rights were violated in multiple ways by Defendants David Liebel, Jerry Huston, Karen Richards, Ron Neal, Marion County Jail, John Doe, Jail Commander, William Wilson and Michelle Metcalf (collectively "the Defendants"). The Defendants removed the action to this Court on November 12, 2015 and Justise filed an amended complaint on December 2, 2015. [dkt. 12].

In the amended complaint, Justise alleges the following claims: 1) a denial of access to the Indiana courts by the Marion County Jail Commander with respect to a direct appeal of his 2007 state court conviction in violation of the First and Fourteenth Amendments; 2) a denial of access to the courts to file a belated appeal in a criminal matter by defendants Huston and Richards; 3) denial of access to the courts regarding a civil lawsuit by defendants Huston and Richards; 4) a violation of his rights under the Fourteenth Amendment Equal Protection by defendants Wilson

and Neal because he is allegedly not receiving many of the "benefits" other inmates at the State Prison receive, such as the privilege to purchase an Xbox 360, access to the weight room, large fans, and access to a microwave oven that fewer inmates have access to; 5) a violation of his religious freedom under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because defendant Liebel and the Indiana Department of Correction ("IDOC") does not recognize atheism as a religion; and 6) a violation of his rights under the First Amendment and a state law claim for destruction of property when defendant Metcalf allegedly destroyed photographs his mother sent him and confiscated nude photos to which he alleges he is entitled to possess.

Because Justise is a "prisoner" as defined by 28 U.S.C. § 1915(h) the Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Justise are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims

that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

Justise's claims are brought pursuant to 42 U.S.C. § 1983, federal statutes, and state law. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id.* at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, Justise alleges a violation of his religious freedom under RLUIPA, his rights under the First and Fourteenth Amendments, and state law. He seeks monetary relief and injunctive relief.

## II. Misjoined Claim

The complaint in this action violates the joinder of claims limitation of the *Federal Rules of Civil Procedure*. That is, "unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The Court finds that the Justise's First Amendment claim that defendant Michelle Metcalf interfered with his mail is improperly joined. Accordingly, this claim is **dismissed** from this action. This claim must be brought in a separate lawsuit. Justise shall have **through January 8, 2016**, in which to notify the Court of the following: whether he wishes the claim identified in Part II of this

Entry to be severed into separate lawsuit. He is reminded that if he wishes for this claim to be severed into a new lawsuit, that lawsuit will be subject to a separate filing fee and the screening requirement of 28 U.S.C. § 1915A(b). If he does not so notify the Court, this claim will be dismissed.

### III. Insufficient Claims

Plaintiff advances numerous claims which are insufficient. The Court will address each claim in turn.

#### A. The claims against Defendants Karen Richards, Ron Neal, and William Wilson

The claims against Richards, Neal and Wilson are iusufficient. Justise identifies Richards, Neal, and Wilson in their roles as supervisors. Richards is also a law librarian and she is Jerry Huston's supervisor. Neal and Wilson were both Superintendents at the Indiana State Prison.

Justise made a request that Superintendents Wilson and Neal provide him with an Xbox video game console, access to weight machines, treadmills, more frequent visitation, large fans outside their cells, and access to a microwave oven that fewer inmates have access to, but such requests were denied. He makes no other factual allegations against Wilson and Neal and he does not allege any wrongdoing whatsoever, against Richards. These defendants presumably have been added to this complaint merely based on their supervisory roles.

"'[T]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.'" *Johnson v. Snyder,* 444 F.3d 579, 583 (7th Cir. 2006) (quoting *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995)). "Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheif-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994), *cert. denied*, 513 U.S.

1128 (1995). *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit"). *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starenske v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985)[https://a.next.westlaw.com/Link/Document/FullText?findType=Y&serNum=1985122039&pubNum=350&originatingDoc=I4202cb808f8411e1ac60ad556f635d49&refType=RP&fi=co_pp_sp_350_339&originationContext=document&transitionType=DocumentItem&contextData=(sc.UserEnteredCitation)#co_pp_sp_350_339](https://a.next.westlaw.com/Link/Document/FullText?findType=Y&serNum=1985122039&pubNum=350&originatingDoc=I4202cb808f8411e1ac60ad556f635d49&refType=RP&fi=co_pp_sp_350_339&originationContext=document&transitionType=DocumentItem&contextData=(sc.UserEnteredCitation)#co_pp_sp_350_339). Justise does not allege any facts that Superintendents Neal and Wilson or Richardson were personally involved in any of the alleged constitutional deprivations. As such, **all claims against these defendants are dismissed**.

### B. John Doe, Marion County Jail and. Jail Commander.

Claims against John Doe, the Marion County Jail and Jail Commander are **dismissed**, because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations

omitted). Additionally, the Marion County Jail is a building and is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

### C. Jerry Huston-Appeal of 2007 Criminal Conviction

Next, Justise alleges that he was prevented from filing a direct appeal to his state court conviction in *Justise v. State*, 49A05-0608-CR-433. Specifically, he alleges that he was denied all requested legal materials and unable to file an appellate brief which resulted in his direct appeal being dismissed. The Indiana Court of Appeals dismissed Justise's appeal on December 26, 2007. *See Justise v. State*, Ind. Ct. App. Case No. 49A05-0608-CR-433. On December 13, 2008, Justise filed a motion for reinstatement of appeal that was denied on January 2, 2009. On April 16, 2009, the Indiana Court of Appeal denied his motion for reconsideration. *Id*. Huston was the staff member in charge of the law library at the Wabash Valley Correctional Facility while Justise was appealing his conviction.

Justise's direct appeal of his criminal conviction was dismissed in 2007 and the Indiana Court of Appeals denied his motion for reinstatement in 2009. The denial of the motion for reinstatement was mailed to Justise on January 5, 2009. *See* Ind. Ct. App. Online docket, *Justise v. State*, Ind. Ct. App. Case No. 49A05-0608-CR-433.

Justise alleges that Huston violated his constitutional rights to access the Indiana Court of Appeals which resulted in the dismissal of his direct appeal. However, this claim is barred by the statute of limitations. The Supreme Court of the United States has held that the statute of limitations that governs § 1983 claims is "the period of limitations adopted by the states for personal injury suits." *Malone v. Corr. Corp. of Am*., 553 F.3d 540, 542 (7th Cir. 2009) (quoting *Wilson v. Garcia*, 471 U.S. 261 (1985)). Under Indiana law, claims concerning personal injuries "must be commenced within two (2) years after the cause of action accrues." Ind. Code § 34-11-

2-4. A § 1983 claim accrues when a plaintiff knows or has reason to know of the injury that is the basis of his action. *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Here, Justise's cause of action arose in January of 2009 when the Indiana Court of Appeals denied his motion to reinstate his direct appeal. The statute of limitation on this claim ran in January of 2011, approximately 4 ½ years before he filed this action.[1] The claim for denial of access to the courts against Huston as it relates to his 2007 direct appeal is barred by the statute of limitations. "[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008).

### D. Jerry Huston-various civil appeals

Justise alleges that defendant Huston made his appellate pleadings in several appeals so late, resulting in the appeals being waived. "[W]hen a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim).

Justise does not describe or allege any prejudice based on his alleged denial of access to the courts. The complaint must be dismissed because it does not "'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Twombly,* 127 S. Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor*

---

[1] Justise alleges that the dismissal of the direct appeal became final in 2011 when the Indiana Court of Appeals denied his motion to file a belated appeal. The Indiana Court of Appeals received a motion titled "Appellant's Petition to File Belated Appeal" on November 8, 2010. The court did not file this motion and did not rule on it. In 2012, the Indiana Court of Appeals allowed the trial court to remove the record on appeal for Justise's post-conviction proceedings. *See* Ind. Ct. App. Online docket, *Justise v. State*, Ind. Ct. App. Case No. 49A05-0608-CR-433.

*Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). The claim for denial of access to the court against defendant Huston as it relates to various civil appeals is **dismissed**.

### E. Jerry Huston-Putnam Circuit Court lawsuit

Justise alleges the civil action he filed in 2009 in the Putnam Circuit Court was dismissed because he was denied access to the court and was not able to properly litigate it. According to the complaint, the civil action was filed in 2009 and dismissed in June of 2011 pursuant to motions to dismiss filed by the defendants in that case. Similar to Justise's direct appeal of his state court criminal conviction discussed above, this claim is barred by the applicable statute of limitations. Based on the facts set forth in the complaint, this cause of action accrued in June of 2011. The statute of limitations on this claim ran in June of 2013, approximately 2 ½ years before he filed this cause of action. The claim for denial of access to the court against Huston as it relates to the Putnam Circuit Court civil action is barred by the statute of limitations. "[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh* 521 F.3d at 699.

### F. Equal Protection

Justise alleges that his rights under the Fourteenth Amendment Equal Protection Clause were violated because he was not given the same benefits that other inmates received, such as the ability to purchase an Xbox 360 video game console, access to weight machines, treadmills, more frequent visitation, large fans outside their cells, and access to a microwave oven that fewer inmates have access to. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Huebschen v. Department of Health & Soc. Servs.*,

716 F.2d 1167, 1171 (7th Cir. 1983). Justise has failed to allege that he was treated unfairly because of his membership in a particular class and therefore does not allege a viable Equal Protection claim. His claim for a violation of his rights under the Fourteenth Amendment Equal Protection Clause is **dismissed**.

### G. Destruction of Property-Michelle Metcalf

In his amended complaint, Justise alleges that Metcalf admits to destroying photographs that his mother sent him in the mail. Any claim for the recovery of lost or stolen property is **dismissed** for failure to state a claim upon which relief can be granted because as long as Justise has an adequate post-deprivation remedy, which he has in the form of a state law claim, he is not entitled to any additional constitutional protection. *See Gates v. City of Chicago,* 623 F.3d 389, 410 (7th Cir. 2010); *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) (Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.).

### H. Nude Photos-Michelle Metcalf

Finally, Justise alleges Metcalf confiscated nude photographs that he received in the mail simply because they were nude photos. He argues he is "entitled to possess nude photos." Justise is incorrect. There is no First Amendment right to possess nude photos. *Payton v. Cannon, et al.*, 2015 WL 7729382 (7th Cir., December 1, 2015). **This claim is dismissed and defendant Metcalf is dismissed as a defendant in this action.**

### IV. Claim that May Proceed

Justise alleges in this complaint that he is an atheist and Liebel is denying him a meeting place to discuss issues with other atheist prisoners. He also alleges he is denied a kosher diet based on his religious choice and that the Indiana Department of Correction (IDOC) does not recognize atheism as a religion which violates his religious freedom under the Religious Land Use and

Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*. The claim for injunctive relief pursuant to RLUIPA shall proceed against defendant Liebel, a representative of the IDOC in his official capacity. *See Sossamon v. Texas*, 131 S.Ct. 1651 (2011) (money damages are not available in suits against states under the RLUIPA). The only relief available to Justise if he prevails on his RLUIPA claim is for injunctive relief.[2]

### V. Summary

The RUILPA claim against defendant Liebel **may proceed** in this action.

All other claims and defendants are **dismissed** pursuant to 28 U.S.C. § 1915A. Justise shall have **through January 8, 2016**, to show cause why the claims in Section III (C) and (E) should not be dismissed from this action.

Justise shall have **through January 8, 2016**, to notify the Court whether he believes he has asserted any claim in his complaint which has not been discussed in this Entry.

Defendant Liebel has already appeared in this action. **He shall have thirty days** from the date of this Entry to file an answer.

No partial judgment shall enter at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 12/9/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[2] In its motion for screening, defendants John Doe, Marion County Jail and Jail Commander, Marion County Jail, argue this Court should dismiss this complaint pursuant to Indiana Code § 34-58-1-2 and the Prison Litigation Reform Act ("PLRA"). This argument fails for two reasons. First, Indiana Code § 34-58-1-2 is a mechanism for Indiana state courts to dismiss frivolous litigation after an individual has struck out in state court. A federal district court, such as this Court, is not able to dismiss an action pursuant to this state statute. To the extent this option was available to the defendants, it should have been exercised prior to removal to this Court. Secondly, the PLRA prohibits a prisoner from filing a civil action *in forma pauperis* if he has three or more strikes. 28 U.S.C. § 1915(g). When the defendants removed this action to this Court, they paid the filing fee. As such, Justise is not proceeding *in forma pauperis*. It does not appear from the record that the State defendants objected or consented to the removal of this action. 28 U.S.C. § 1446(b).

Distribution:

Electronically registered counsel

Charles E. Justise, Sr., #921730
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360